OKLAHOMA STEEL CASTINGS COM-
PANY, a corporation, Appellant,

v.

OKLAHOMA TAX COMMISSION,
Appellee.

No. 50193.

Supreme Court of Oklahoma.

June 14, 1977.

Rehearing Denied Nov. 2, 1977.

Hall, Estill, Hardwick, Gable, Collings-
worth & Nelson by J. Barlow Nelson, Tulsa,
for appellant.

Donald B. Nevard, Gen. Counsel and
Clyde E. Fosdyke, Oklahoma City, for ap-
pellee.

Paul R. Hodgson, Tulsa, for W. R. Kerr,
amicus curiae.

BARNES, Justice:

This case presents an appeal by Appel-
lant, Oklahoma Steel Castings Company,
from Order No. 63710 issued by Appellee,
Oklahoma Tax Commission (Commission),
September 2, 1976, in Case No. 3750, styled
"In the Matter of the Protest of Oklahoma
Steel Castings Co., of Additional Sales Tax-
es for the Period of January 1, 1969,
through February 28, 1971." The order

from which this appeal is taken determined that although Appellant is not engaged in the business of making wooden patterns for its steel castings, those wooden patterns that it does make are not used by Appellant as the *owner* of the patterns in a manufacturing process in Oklahoma, and that under those circumstances the wooden patterns are not exempted from sales tax under the exemption provisions of 68 O.S.1971, § 1305(p).

The Commission determined that the protest filed by Appellant should be denied and that appellant should be assessed additional sales tax in the amount of $6,939.70, and penalties of $693.97, plus interest of $2,220.70, for a total aggregate liability of $9,854.37. Appellant appeals, seeking a reversal of the Commission's order and a refund of the amount paid under protest.

The parties herein are in agreement as to the essential facts. Appellant corporation is engaged in the manufacture of custom-made steel castings. Its principal customers are Oklahoma and out-of-State manufacturers of heavy machinery and equipment. Appellant contracts with its customers to mass-produce a specified number of cast-iron parts. In order to fulfill a customer's order, unless the customer has provided a pattern for the part, Appellant must procure a pattern, made from wood or other suitable material, either from an outside source or by making the pattern. The record reflects Appellant rarely makes patterns itself. Appellant, once it has procured a pattern, sends the customer a bill for the company's pattern costs, which is usually the cost of the pattern plus about 10% for administrative costs and handling charges. Billing is made upon receipt of the pattern and it is after that time that a sample casting must be made and approved by the customer before Appellant starts production. No sales tax is charged by Appellant to the customer.

When Appellant fills the order, the customer is billed for the products delivered, but the cost of the pattern is not figured in because it has already been paid for by the customer. Appellant usually retains the pattern on its premises, awaiting further orders for the same part from the customer, but it could be kept by the customer. The pattern is not used by Appellant to fill orders of another customer.

Appellant notes in its brief that most of its customers hold sales tax exemption certificates issued by the Commission. Therefore, Appellant charges the customer no sales tax since the part made by Appellant is used by the customer as a component in a piece of machinery which Appellant's customer resells to the ultimate customer. The case was not presented on this ground and we do not have sufficient facts to determine what customers hold tax exemption certificates.

Commission contends that at the time Appellant sends the customer a bill for its pattern costs that Appellant has sold the pattern to the customer and a taxable sale has occurred; that since the Appellant no longer owns the pattern, the pattern is no longer machinery or equipment being used by a manufacturer in a manufacturing process so that the sales tax exemption of 68 O.S.1971, § 1305(p), applies.

The question presented is whether Appellant is exempt under 68 O.S.1971, § 1305(p), from sales tax on resale of patterns it uses in its production of custom-made steel castings.

It is to be noted that it is not the Appellant's original purchase and subsequent use of the patterns that is in question; rather, it is the resale of those patterns to the Appellant's customers. It is Commission's position that the resales of the patterns by the Appellant are subject to the Oklahoma Sales Tax and do not qualify for the exemption under § 1305(p), supra.

Under the Oklahoma Sales Tax Code, 68 O.S.1971, § 1301 et seq., an excise tax is levied upon the gross proceeds or receipts derived from all sales to any person of specifically enumerated items, one of which is tangible personal property. 68 O.S.1971, § 1304(a). However, 68 O.S.1971, § 1305(p), specifically exempts machinery and equipment directly used in manufacturing property subject to taxation under the Sales Tax Code. § 1305(p) reads as follows:

"§ 1305. Exemptions.

"There is hereby specifically exempted from the tax levied by this article the gross receipts or gross proceeds derived from the:

\*     \*     \*     \*     \*     \*

"(p) Sale of machinery and equipment purchased and used by persons establishing new manufacturing or processing plants in Oklahoma, and machinery and equipment purchased and used by persons in the operation of manufacturing plants already established in Oklahoma; provided, *this exemption shall not apply unless such machinery and equipment is incorporated into, and is directly used in, the process of manufacturing property subject to taxation under this article.* The term 'manufacturing plants' shall mean those establishments primarily engaged in manufacturing or processing operations, and generally recognized as such." (Emphasis added)

Appellant relies heavily on *Baltimore Foundry & Machine Corporation v. Comptroller of the State,* 211 Md. 316, 127 A.2d 368 (1956). That case held that where a company, on receiving an order from a customer, placed an order for a pattern with one of two pattern makers, and the company had a dual purpose in buying the pattern, i. e., for resale to a customer at a profit and to make castings with the pattern for sale to a customer at a profit, the company was not liable for sales taxes on patterns. While the facts in that case would seem to be similar to those in the case at bar, we think the case is distinguishable for the reason that the tax therein was imposed upon the purchase by the Appellant of the patterns. The taxable sale in the instant case is not contended to be the purchase of the pattern by Appellant, but is the resale by Appellant to its customer.

Appellant cites a number of cases from the various jurisdictions for the proposition that particular parts or items of tangible personal property, when used in furthering a manufacturing process, are not subject to sales taxes under exemption statutes like our § 1305(p), supra. The Courts in those cases were not dealing with resales of tangible personal property by the manufacturer-purchaser-reseller of the tangible personal property. Rather, those cases dealt with the attempt of the States to collect sales or use tax upon the sale of the tangible personal property to the manufacturer.

In its second proposition, Appellant contends under the exemption proviso of § 1305(p), supra, that its entire manufacturing process must be viewed as a whole. Appellant urges when the entire process is viewed together, the pattern procurement element is only one of the several costs in the overall "cost of goods sold."

■ Additionally, Appellant argues that it does not sell patterns to its customers under 68 O.S.1971, § 1302(c), which states:

"The term 'sale' is hereby declared to mean the transfer of either the title or possession of tangible, personal property for a valuable consideration, regardless of the manner, method, instrumentality, or device by which transfer is accomplished."

Appellant states it gave no bill of sale or other title transfer documents; all it did was sent its customers a bill for pattern costs, which it asserts is neither a transfer of possession nor the transfer of a title document. We do not find this argument to be persuasive because Appellant admits that the patterns are the property of the customer and may be kept by the customer.

Appellant also makes the argument that the relationship between Appellant and its customers contemplates one product and only one product: a finished steel casting. Citing *McCool v. Hoover Equipment Co.,* 415 P.2d 954 (Okl.1966), Appellant urges that where service dominates and the transfer of personal property is only incidental to the transaction, it is a contract for work, labor and materials, and not a sale. Appellant submits that in the process of accomplishing its contract with its customers that service predominates and the use of personal property is only incidental to the entire contractual transaction. Again it urges the entire manufacturing process must be ex-

amined as a whole and concludes it does not sell patterns to customers. We cannot agree with Appellant's contentions. It appears that Appellant considers this to be a sale for the purpose of getting its money back, but doesn't consider it to be a sale so that it can be used by Appellant as Appellant's property in the manufacture of its product. We agree with the Commission that the transaction was a sale.

The transcript reflects at page 36 the following testimony of the Tax Commission's Supervisor of Field Auditors:

" * * * We assessed the tax against Oklahoma Steel Castings and listed it on the audit work papers because the purchaser, or Oklahoma Steel Castings Company's customer purchasing the patterns, were not using them in manufacturing. In other words, the owner of the patterns were not using them to manufacture or process."

We think the language of § 1305(p), supra, is clear in requiring that for the exemption to apply: (1) the machinery and equipment must be purchased and used by persons establishing new manufacturing or processing plants in Oklahoma or in the operation of manufacturing plants already established in Oklahoma; and (2) the machinery and equipment must be incorporated into and directly used in the manufacture of property subject to the Oklahoma Sales Tax Code.

The record herein does not indicate that the resale purchasers of the patterns used the patterns to manufacture custom-made steel casting. § 1305(p), supra, makes no exemption available to resales of these patterns to nonusers of the patterns in the manufacture of property subject to the Oklahoma Sales Tax. Nor does the record indicate that the patterns were directly used in the manufacture of property subject to the Oklahoma Sales Tax. Furthermore, since the record does not indicate where the manufacturing plants of the Appellant's customers were located, the record also fails to indicate that the patterns were used by the Appellant's customers in a new or already existing manufacturing plant in Oklahoma.

If Appellant were permitted to avoid payment of sales tax on its resale of the patterns, sales tax would never be collected on the amount charged for the patterns because Appellant obviously would not re-bill or charge again for the patterns when it billed its customer for the castings.

 For the foregoing reasons, we conclude the sales of patterns by Appellant to its customers were not entitled to the claimed exemption under 68 O.S.1971, § 1305(p). Commission's Order No. 63710 is affirmed.

AFFIRMED.

All the Justices concur.